**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

VINCENT U. SOLOMON,

              Plaintiff - Appellant,

v.

TATE; et al.,

              Defendants - Appellees.

</td><td>

No. 14-16673

D.C. No. 1:12-cv-00056-GSA

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted December 9, 2015[***]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

    Vincent U. Solomon, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    Solomon consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Solomon's Eighth Amendment claim because Solomon failed to allege facts sufficient to show that defendants were deliberately indifferent to his serious dental needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We reject Solomon's contentions regarding judicial bias.

Solomon's request for appointment of counsel, set forth in his opening brief, is denied.

**AFFIRMED.**